

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-219-CR**
**NO. 2-08-220-CR**
**NO. 2-08-221-CR**

JAMES LLOYD FANNIN                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant James Lloyd Fannin argues that the trial court erred by denying his motion to suppress regarding evidence found during a search after he was stopped for a traffic violation. In one point, Fannin argues that the trial court found him guilty of unlawful possession of a firearm, escape, and possession

---

[1] *See* Tex. R. App. P. 47.4.

of a controlled substance based on the evidence that he claims should have been suppressed. We will affirm.

At roughly 10:00 p.m. on April 10, 2007, Fort Worth police officer Joel Parsons was patrolling the east side of Fort Worth in a marked police vehicle as a member of the East Zero Tolerance Unit.[2] Parsons testified that he witnessed Fannin make a left turn without signaling. Parsons said that he initiated a stop but Fannin did not immediately pull over. Parsons testified that he "issued a few blasts" with his audible siren. Fannin still did not pull over. Parsons said he then witnessed Fannin "dropping his shoulders, dipping a little bit." Parsons said that movements like this are consistent with concealing or retrieving something, possibly a weapon. Fannin eventually pulled his vehicle into a private driveway.

Parsons said that he called for backup. Parsons approached Fannin and asked for Fannin's driver license and insurance verification. Parsons said Fannin appeared nervous and was looking around as if he was "about to flee or looking for escape routes." At this same time, Parsons observed "subjects at . . . the residence [that Fannin had] pulled into . . . at the screen door popping out their head[s]." Parsons said he made the decision not to ask Fannin to get out of the

---

[2] Parsons's patrol targeted the east side of Fort Worth based on recent crime trends.

2

car until his backup arrived. While he awaited backup, Parsons ran routine checks on Fannin and discovered that Fannin had prior convictions for aggravated robbery and unlawful carrying of a weapon.

After the assisting officer arrived, Parsons briefed the additional officer and then had Fannin exit his vehicle. Parsons conducted a pat-down and felt what he "immediately recognized to be a live round of ammunition" in Fannin's right front pants pocket. Parsons then looked under the front seat of Fannin's vehicle and found a revolver. Parsons said he then informed Fannin that he was under arrest and handcuffed him. As Parsons conducted a more thorough search of Fannin's vehicle, Fannin ran away. The two officers pursued Fannin, who fell but continued "kicking, yelling, and pulling at" the officers. After subduing Fannin, Fannin yelled at the inhabitants of the residence he had pulled into, stating "Get it all out. Get it all out of the car." The officers eventually discovered crack cocaine, drug paraphernalia, and additional ammunition.

Fannin was charged with unlawful possession of a firearm, escape, and possession of a controlled substance. Fannin waived his right to a jury, and the trial court found Fannin guilty on each charge. The trial court sentenced Fannin to fifteen years' confinement for possession of a controlled substance, twenty-five years' confinement for escape, and thirty-five years' confinement for

3

possession of a firearm by a convicted felon.  The trial court set the sentences to run concurrently.  This appeal followed.

In his sole point, Fannin argues that Parsons's having stopped him for failure to signal was merely pretextual and that Parsons's motive was to search him and his vehicle.  Thus, Fannin argues that the evidence seized from him and his vehicle should have been suppressed, that his convictions based on that evidence should be reversed, and that he is entitled to a new trial.  We disagree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  And the complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited.  *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App.

4

2004); *Vafaiyan v. State*, 279 S.W.3d 374, 383 (Tex. App.—Fort Worth 2008).

In his motion to suppress, Fannin argued that his "detention, search and arrest . . . was unconstitutional based on the teachings of the Fourth Amendment of the United States Constitution." But trial counsel admitted that the motion was "just a broad Fourth Amendment motion." And trial counsel specifically stated to the trial court that "what decides this case is [whether Parsons acted] in a Constitutional manner when he pulled [Fannin] out of the vehicle for the patdown." Trial counsel further clarified his objection by stating, "I think the critical point is did [Parsons] have reasonable suspicion under *Terry* to walk back up to that vehicle, have [Fannin] get out of the vehicle [and] pat him down[?]" It is clear to this court that trial counsel was objecting to Parsons's having patted Fannin down after Parsons had stopped Fannin for the alleged traffic violation, run a background check, and then returned to the car and asked Fannin to step out of his vehicle so that Parsons could frisk him. This is a distinctively different argument than what Fannin now argues on appeal.

Fannin now challenges the legality of the stop. Fannin argues that Parsons stopped Fannin under the pretext of a traffic violation because Parsons wanted to search Fannin and his vehicle. Specifically, Fannin argues that while

5

Parsons "may have stated that he was making a traffic stop . . . [Parsons] was really interested in searching [Fannin] and his vehicle."  But trial counsel made it clear during the motion to suppress hearing that he was not challenging the traffic stop but rather Parsons's having frisked Fannin.  Because the complaint Fannin now makes on appeal does not comport with the complaint made to the trial court, he has forfeited this error, if any.  *See Heidelberg*, 144 S.W.3d at 537.  We overrule Fannin's sole point and affirm the trial court's judgments.

PER CURIAM

PANEL:  MEIER, J.; CAYCE, C.J.; and McCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 6, 2009